HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHIH C. A. CHEN and SHEN H. C. LIN,

Plaintiffs,

v.

KEITH NELSON and DEBORAH NELSON,

Defendants.

CASE NO. 2:25-cv-01067-RAJ

ORDER

## I.    INTRODUCTION

THIS MATTER comes before the Court on Defendants' Motion to Dismiss, Dkt. # 7.  The Court has reviewed the motion, the submissions in support of and in opposition to the motion, and the balance of the record.  For the reasons set forth below, the Court **GRANTS** Defendants' motion to dismiss.

## II.    BACKGROUND

This is a dispute between neighbors.  Plaintiffs Chih C. A. Chen and Shen H. C. Lin purchased their home in Blaine, Washington in 2016.  Dkt. # 1 ¶ 10.  Defendants Keith and Deborah Nelson moved in next door in 2018.  *Id.* ¶ 11.  Plaintiffs allege that starting in January 2023, they "observed a drone surveilling their Property."  *Id.* ¶ 12.  They further

ORDER – 1

allege that "[u]pon information and belief, Defendants' drone was equipped with audio recording capabilities, including an integrated microphone capable of capturing conversations from distances of up to hundreds of feet away." *Id.* ¶ 13. Plaintiffs allege that on multiple occasions, they "observed the drone conducting intrusive surveillance activities, frequently hovering near their windows and recording private family moments and conversations." *Id.* ¶ 15. Plaintiffs told Defendants to stop multiple times, but Defendants continued operating the drone near Plaintiffs' property. *Id.* ¶¶ 17–22. On September 15, 2024, Plaintiffs "learned that Defendants had stored extensive recording footage spanning more than a year." *Id.* ¶ 23. Plaintiffs demanded that Defendants destroy the footage, but Defendants ignored the request. *Id.* ¶¶ 24–15.

Based on these events, Plaintiffs bring claims against Defendants under the federal Electronic Communications Privacy Act ("ECPA") and state law claims, including negligence, intentional infliction of emotional distress, and invasion of privacy. *Id.* ¶¶ 36–94. Plaintiffs invoke federal jurisdiction based on both federal question and diversity of citizenship. *Id.* ¶¶ 5–6. As to diversity of citizenship, Plaintiffs allege they are Canadian citizens, Defendants are Washington citizens, and the amount in controversy exceeds $75,000. *Id.* ¶¶ 6–7. [1]

### III.  LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In analyzing a motion to dismiss, courts "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable

---

[1] This is not the first legal action between these neighbors. Defendants previously obtained an anti-harassment protection order against Plaintiffs in state court. *Id.* ¶ 27.

ORDER – 2

to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). "Conclusory allegations and unreasonable inferences, however, are insufficient to defeat a motion to dismiss." *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction over the claims asserted. "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." *Rattlesnake Coalition v. EPA*, 509 F.3d 1095, 1102 n. 1 (9th Cir. 2007). A Rule 12(b)(1) challenge may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014)).[2]

## IV.  DISCUSSION

### A.     Electronic Communications Privacy Act

The ECPA prohibits the interception of "any wire, oral, or electronic communication."   18 U.S.C.  § 2511(1)(a).   "Intercept" means "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device."  *Id.* § 2510(4).  "Oral communication" means "any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation . . . ."  *Id.* § 2510(2).  "[T]he ECPA prohibits the audio recording of third-party

[2] The Court construes Defendants' challenge to diversity jurisdiction as a facial attack.  Although Defendants submit a factual declaration, their primary argument is that Plaintiffs *fail to allege* all facts necessary to establish diversity of citizenship.

ORDER – 3

communications, but not video recording." *Colvin v. Tooley-Young*, No. 14-cv-1962, 2015 WL 4249411, at *3 (W.D. Wash. July 13, 2015) (citing *United States v. Koyomejian*, 970 F.2d 536, 537 (9th Cir. 1992)).

Defendants argue "Defendants' drone contains no listening equipment" and thus it is "simply impossible for them to hear or intercept communications with this equipment." Dkt. # 7 at 4. In support of their argument, Defendants submit a declaration from Mr. Nelson stating his drone does not have audio capabilities. Dkt. # 8. On a motion to dismiss, the Court cannot consider Mr. Nelson's factual declaration and declines Defendants' request to convert this motion to one for summary judgment.

Nevertheless, Plaintiffs must plead sufficient facts to support a plausible claim for relief. "[A]llegations 'based on information and belief may suffice,' 'so long as the allegations are accompanied by a statement of facts upon which the belief is founded.'" *Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480, 493–94 (9th Cir. 2019) (quoting *Wool v. Tandem Computers Inc.*, 818 F.2d 433, 1439 (9th Cir. 1987), *overruled on other grounds*, *Flood v. Miller*, 35 Fed. App'x 701, 703 n.3 (9th Cir. 2002)). Here, Plaintiffs allege "upon information and belief" that Defendants' drone contains audio recording capabilities. Dkt. # 1 ¶ 13. Plaintiffs do not, however, offer any factual basis for that belief. For example, Plaintiffs do not allege the drone is a particular model with audio recording capabilities, or that Defendants made any statements suggesting they had access to Plaintiffs' family's private conversations. Plaintiffs allege they "observed the drone" "hovering near their windows and recording private family moments and conversations." *Id.* ¶ 15. But without more facts, it is not plausible that Plaintiffs "observed" the drone recording their conversations (an action that is likely not visually detectable). And the mere fact that the drone was hovering near a window, without more, is not necessarily suggestive of audio recording as opposed to, for example, video-only surveillance. Finally, Plaintiffs allege that in September 2024, they "learned that Defendants had stored extensive recording footage spanning more than a year." *Id.* ¶ 23. They do not explain the

ORDER – 4

circumstances of this discovery including, importantly, whether they learned the footage contained audio recordings.

Without more factual support, the Court cannot draw a reasonable inference that Defendants' drone audio recorded Plaintiffs' conversations in violation of the ECPA. This defect may be cured by additional pleadings. According, Plaintiffs' ECPA claim is dismissed with leave to amend.

### B.    State Law Claims

Plaintiffs' remaining causes of action are all state law claims. Thus, they may only remain in federal court based on diversity jurisdiction or supplemental jurisdiction.

In cases between "citizens of a State and citizens or subjects of a foreign state," there is no diversity of citizenship if the foreign citizens "are lawfully admitted for permanent residence in the United States and are domiciled in the same State." 28 U.S.C. § 1332(a)(2). "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." *NewGen, LLC v. Safe Cig LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016). Therefore, "[t]he essential elements of diversity jurisdiction . . . must be affirmatively alleged in the pleadings." *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (quoting *In re Mexico City Aircrash*, 708 F.2d 400, 404 n.4 (9th Cir. 1983)). Here, Plaintiffs plead they are citizens of Canada and Defendants are citizens of Washington, Dkt. # 1 ¶¶ 1–4, but Plaintiffs fail to plead whether they are lawful permanent residents in the United States and domiciled in Washington. Thus, they fail to affirmatively plead all requirements for diversity jurisdiction. *See Li Ching Chu v. Tribal Techs., Inc.*, No. 12-cv-5306, 2013 WL 12130030, at *5 (N.D. Cal. Jan. 25, 2013) ("plaintiffs must affirmatively allege (if true) that they: either are not permanent residents or that they are permanent residents but were not domiciled in the same state as any of the defendants when the claim was filed."). Indeed, the fact that Plaintiffs purchased their Blaine, Washington property in 2016 and is now

ORDER – 5

involved in a neighbor dispute involving the same property highly suggests diversity jurisdiction may not be available.

Next, because the Court is dismissing the federal ECPA claim and this case is in its earliest stages, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.  *See* 28 U.S.C. § 1367(c)(3) ("district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.") (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)).

In sum, the remaining state law claims are dismissed for lack of subject matter jurisdiction.  If true, Plaintiffs may plead additional facts to establish diversity jurisdiction. Accordingly, dismissal is with leave to amend.

## V.   CONCLUSION

For the forgoing reasons, the Court **GRANTS** Defendants' motion to dismiss, Dkt. # 7, and **DISMISSES** Plaintiffs' complaint, Dkt. # 1, without prejudice and with leave to amend within 21 days of this order.

Dated this 24th day of March, 2026.

The Honorable Richard A. Jones
United States District Judge

ORDER – 6